# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>    **Plaintiff,**<br><br>v.<br><br>NCR CORPORATION,<br><br>    **Defendant**. | CIVIL ACTION NO. 6:21-CV-00325<br><br>JURY TRIAL DEMANDED |

## DEFENDANT NCR CORPORATION'S
## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant NCR Corporation ("Defendant" or "NCR") hereby files its *Answer, Affirmative Defenses, and Counterclaims*, in response to the *Original Complaint* (the "Complaint") filed in the above-captioned action by Plaintiff mCom IP, LLC ("Plaintiff" or "mCom") stating as follows:

### GENERAL DENIAL

Defendant's responses to each numbered paragraph of mCom's Complaint are stated below. Unless specifically admitted therein, Defendant denies each and every allegation in the Complaint. In addition, the section headings included herein are included only for purposes of clarity and organization.

### I.  THE PARTIES

1.  Admitted on information and belief.

2.  Defendant admits that it is a corporation existing under the laws of Maryland. Defendant the denies the remainder of the allegations.

## II. JURISDICTION AND VENUE

3. Defendant admits that the Complaint purports to assert an action for alleged patent infringement of U.S. Patent No. 8,862,508 ("the '508 patent"), but denies that it infringes. The remaining allegations in this paragraph state a legal conclusion for which no response is required.

4. Defendant denies the allegations.

5. Defendant denies the allegations.

## III. INFRINGEMENT

6. Defendant admits that on the face of the '508 Patent, it states that it issued on October 14, 2014, and is titled, "System and method for unifying e-banking touch points and providing personalized financial services." Defendant admits that Exhibit A to the Complaint purports to be a copy of the '508 Patent. Defendant denies that the '508 Patent was validly issued. Otherwise, this paragraph states a legal conclusion for which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and thus denies them.

7. Defendant denies the allegations.

8. Defendant denies the allegations.

9. Defendant denies the allegations.

10. Defendant denies the allegations.

11. Defendant denies the allegations.

12. Defendant denies the allegations.

### MCOM'S JURY DEMAND

No response is required to mCom's Jury Demand.

### MCOM'S PRAYER FOR RELIEF

Defendant denies that mCom is entitled to any relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following defenses in response to mCom's Complaint, undertaking the burden of proof only as to those defenses required by law regardless of how such defenses are denominated herein. Defendant reserves the right to assert additional defenses that become known to it through fact discovery or otherwise.

### FIRST DEFENSE
### (Failure to State a Claim)

13. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Non-Infringement)

14. Defendant does not infringe the '508 patent, either directly or indirectly, and either literally or under the doctrine of equivalents. For example, the accused products do not use a "multi-channel server" or any equivalent thereof, and thus do not infringe the '508 patent.

### THIRD DEFENSE
### (Prosecution History Estoppel and/or Disclaimer)

15. mCom's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or prosecution history disclaimer based on statements, representations, and admissions made during prosecution of the patent applications that led to the '508 patent.

### FOURTH DEFENSE
### (Invalidity)

16. The claims of the '508 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101–103 and 112. For example, the claims of the '508 patent are directed to abstract ideas under *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014) and its progeny. In another example, the claims are anticipated and/or rendered obvious by the prior art. In another example still, the claims lack written description, are not enabled, and/or are not sufficiently definite.

## FIFTH DEFENSE
### (35 U.S.C. § 285 — No Exceptional Case)

17.     The Complaint fails to state a claim for exceptional case under 35 U.S.C. § 285.

## SIXTH DEFENSE
### (35 U.S.C. §§ 286 and 288 — Statutory Limitations on Recovery)

18.     mCom's claims for damages and costs, if any, against Defendant are statutorily limited by 35 U.S.C. §§ 286 and 288.

## SEVENTH DEFENSE
### (35 U.S.C. § 287 — Failure to Mark or Give Notice)

19.     To the extent that mCom, its predecessors in interest to the '508 patent (whether original or reissue), and/or their respective licensees, failed to properly mark any relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed the '508 patent, Defendant is not liable to mCom for acts it is alleged to have performed before it received actual notice that it was allegedly infringing the '508 patent.

## EIGHTH DEFENSE
### (No Injunctive Relief)

20.     mCom is not entitled to injunctive relief at least because any injury to mCom is not immediate or irreparable, mCom has an adequate remedy at law, and an injunction would be contrary to the public interest.

## NINTH DEFENSE
### (Estoppel, Waiver, Claim Preclusion, Ratification, Acquiescence, Consent, Unclean Hands, and/or Laches)

21.     On information and belief, mCom is barred in whole or in part from asserting infringement of the '508 patent against Defendant under the doctrines of estoppel, waiver, claim preclusion, ratification, acquiescence, consent, and/or unclean hands.

**TENTH DEFENSE**
**(No Double Recovery)**

22.     mCom's claims against Defendant are barred to the extent Defendant has an express or implied license to the '508 patent and/or under the doctrines of patent exhaustion and first sale to the extent mCom seeks damages for any activity that is, or will be, licensed to persons or companies that supply accused services, devices, or their infrastructure to Defendant.

**DEFENDANT'S COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendant and now Counter-Plaintiff NCR brings these Counterclaims against Plaintiff and now Counter-Defendant mCom.  Counter-Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, declaring U.S. Patent No. 8,862,508, titled "System and method for unifying e-banking touch points and providing personalized financial services" (the "'508 patent"), invalid and not infringed by Counter-Plaintiff.

**NATURE OF THE ACTION**

1.     These Counterclaims are brought by Counter-Plaintiff to protect itself from meritless patent infringement lawsuits.  mCom is a patent assertion entity that, on information belief, is in the sole business of monetizing patents by filing suits against end users for the purpose of obtaining licensing and settlement amounts to which it is not entitled.

2.     On information and belief, mCom does not currently make or sell any products or services, and its only business activity at present is patent assertion.

3.     mCom accuses Counter-Plaintiff of patent infringement, based on Counter-Plaintiff's use of ATM software (the "Accused Products").

4.     Counter-Plaintiff brings this action under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment (a) that Counter-Plaintiff does not infringe the mCom patent; (b) that the

'508 patent is invalid; and (c) that mCom be enjoined from proceeding with any litigation against Counter-Plaintiff over the '508 patent.

## THE PARTIES

5. NCR Corporation is a Maryland corporation with its principal place of business in Atlanta, Georgia.

6. On information and belief, mCom is a Texas limited liability company having its principal place of business at 5900 Balcones Drive, Suite 100, Austin, TX 78731.

## JURISDICTION AND VENUE

7. Subject to the denials and affirmative defenses set forth above, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 1367, and 2201 et seq., based on an actual controversy between Counter-Plaintiff and mCom arising under the patent laws of the United States, 35 U.S.C. § 101 et seq.

8. mCom's allegations threaten actual and imminent injury to Counter-Plaintiff that can only be redressed by judicial relief and, thus, there is a substantial controversy between Counter-Plaintiff and mCom that is of sufficient immediacy and reality for the Court to issue a declaratory judgment. Absent such a declaration of noninfringement and/or invalidity, mCom's continued wrongful assertions of infringement will cause Counter-Plaintiff harm.

9. This Court has personal jurisdiction over mCom at least because mCom sued Counter-Plaintiff in this Court over the same patent, thereby purposefully availing itself of the privilege of conducting activities here, and that gave rise to the controversy between Counter-Plaintiff and mCom at issue in these Counterclaims.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) and (3), because a substantial part of the events or omissions giving rise to these Counterclaims occurred in this district and because mCom is subject to the Court's personal jurisdiction. In addition, mCom

consented to venue in this Court by filing its claims against Counter-Plaintiff in this district. Counter-Plaintiff nevertheless reserves the right to seek a transfer pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses.

## FACTUAL BACKGROUND

11. mCom sued Counter-Plaintiff in this Court, alleging that it infringes the '508 patent.

12. A copy of the '508 Patent is attached hereto as **Exhibit A**.

13. mCom purports to be the owner of all right, title and interest to the '508 patent.

14. Counter-Plaintiff does not infringe, nor has it ever infringed, directly or indirectly, any claim of the '508 patent.

15. The claims of the '508 patent are also invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101–103 and 112. For example, the claims of the '508 patent are directed to abstract ideas under *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014) and its progeny. In another example, the claims are anticipated and/or rendered obvious by the prior art. In another example still, the claims lack written description, are not enabled, and/or are not sufficiently definite.

16. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the alleged validity and infringement of the '508 patent.

## COUNT I—DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,862,508

17. Counter-Plaintiff restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

18. Neither Counter-Plaintiff nor its customers infringes the '508 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, through their use or

incorporation of any technology. For example, the Accused Products do not use a "multi-channel server" or any equivalent thereof, and thus do not infringe the '508 Patent.

19. An actual and justiciable controversy exists between Counter-Plaintiff and mCom as to Counter-Plaintiff's non-infringement of the '508 Patent.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counter-Plaintiff seeks a declaration that it does not infringe any claim of the '508 Patent.

## COUNT II—DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,862,508

21. Counter-Plaintiff restates and incorporates by reference the foregoing paragraphs as though set forth fully herein.

22. The claims of the '508 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101–103 and 112. For example, the claims of the '508 patent are directed to abstract ideas under *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014) and its progeny. In another example, the claims are anticipated and/or rendered obvious by the prior art. In another example still, the claims lack written description, are not enabled, and/or are not sufficiently definite.

23. An actual and justiciable controversy exists between Counter-Plaintiff and mCom as to the validity of the claims of the '508 Patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counter-Plaintiff seeks a declaration that the claims of the '508 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff prays for a declaratory judgment against mCom as follows:

A. A declaration that Counter-Plaintiff does not infringe any claim of the '508 Patent;

B. A declaration that each claim of the '508 Patent is invalid;

C. An injunction against mCom and each of its officers, employees, agents, attorneys, and any persons acting on its behalf or in concert with it, restraining and enjoining them from further prosecuting or instituting any action alleging that any NCR method, product, or technology, or others' use of the same, infringes any claim of the '508 Patent;

D. A declaration that this is an exceptional case under 35 U.S.C. § 285;

E. An award of costs and attorneys' fees to Counter-Plaintiff; and

F. Such other relief as this Court or a jury may deem proper and just under the circumstances.

## JURY TRIAL DEMAND

NCR requests a trial by jury on all issues so triable.

Dated: June 7, 2021

Respectfully submitted,

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills
Steven M. Zager
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2000
Fax: (512) 457-2100
Email: jmills@kslaw.com
szager@kslaw.com

Stephen E. Baskin
Dara M. Kurlancheek
**KING & SPALDING LLP**
1700 Pennsylvania Ave, NW, Ste. 200
Washington, D.C. 20006-4707
Telephone: (202) 737-0500
sbaskin@kslaw.com
dkurlancheek@kslaw.com

***Attorneys for Defendant***
***NCR Corporation***