IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NCR CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-CV-00325<br><br>JURY TRIAL DEMANDED |

**DEFENDANT NCR CORPORATION'S
MOTION FOR JUDGMENT ON THE PLEADINGS
UNDER FED. R. CIV. P. 12(C)**

Defendant NCR Corporation ("Defendant" or "NCR") hereby moves for judgment on the pleadings under Federal Rule of Civil Procedure ("FRCP") 12(c) ("Rule 12(c)") as to Plaintiff, mCom IP LLC's ("Plaintiff" or "mCom") Original Complaint for Patent Infringement ("Complaint" or "Compl.").

**I.    INTRODUCTION**

On April 5, 2021, mCom filed its Complaint for patent infringement, erroneously conflating three technologically and commercially *separate* NCR products as a *singular* accused "Multi-Channel Solution." Compl. at 3-5. On June 14, 2021, after substantively reviewing's NCR's technical documentation and conducting interviews with the subject-matter experts of each product that mCom had included in its Complaint, NCR wrote to mCom setting forth in detail the deficiencies of its Complaint, pointing out that even a cursory pre-suit review of NCR's publicly available documentation would have revealed that *none* of the three separate NCR products mCom included in its Complaint was capable, individually or in combination, of infringing the asserted claims of U.S. Patent No. 8,862,508 ("the '508 patent"). *See* Exhibit A. As there was no

infringement basis, NCR requested that mCom dismiss the Complaint.

mCom failed to respond to the letter. Tacitly conceding the deficiencies of its Complaint, mCom instead served on NCR preliminary infringement contentions, jettisoning entirely the NCR products it had accused in its Complaint and accusing entirely *new* products that appear **nowhere** within its Complaint. *See* Exhibit B at 6 (accusing NCR subsidiary D3 Technology's "Hybrid Mobile App").[1]

Because it is the "initial pleadings" and not the "infringement contentions" that "determine the scope of" a litigant's claim, NCR is entitled to the dismissal of mCom's Complaint under Rule 12(c). *Lodsys Group, LLC v. Brother Int'l Corp.*, 2013 U.S. Dist. LEXIS 136315 at *22-23 (E.D. Tex. September 24, 2013) (dismissing intervenor's counterclaim for declaratory relief for "Developers" where counterclaim "explicitly define[d]" that term as defendants who were no longer part of the case, even though the plaintiff's subsequent "infringement contentions" specifically covered other "developers" as well). Moreover, because of mCom's failure to conduct even a cursory investigation of NCR's public documentation before filing suit, and NCR's consequent work and investigation into the products accused in the complaint, NCR is also entitled to its attorneys' fees for that work, as the prevailing party, under 35 U.S.C. § 285.

## II. <u>LEGAL STANDARDS</u>

"A party may move for a judgment on the pleadings after the pleadings are closed-but early enough not to delay trial. A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *United Servs. Auto. Ass'n (USAA) v. Mitek Sys.*, 2013 US. Dist. LEXIS 192258 at *6-7 (E.D. Tex. October 8, 2013). To survive a motion to dismiss, a "complaint must plead enough factual matter that, when taken as true, states

---

[1] NCR attaches its letter to mCom, and the preliminary infringement contentions mCom served in response, to clarify the chronology of events leading up to this Motion.

a claim to relief that is plausible on its face." *Addiction & Detoxification Institute L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015) (citing *Twombly*, 550 U.S. at 556, 570) (internal quotations omitted). In particular, a complaint for patent infringement must allege that "certain named and specifically identified products or product components…do what the patent does." *Bender v. LG Elecs. U.S.A, Inc.*, 2010 U.S. Dist. LEXIS 33075 at *19-20 (N.D. Cal. March 11, 2010). "In order to adequately state a claim for direct infringement of method claims, the complaint must allege that the accused infringer performed all steps of the claimed method, either personally or through another acting under his direction or control." *Courtesy Prods. LLC v. Hamilton Beach Brands, Inc.*, 73 F.Supp.3d 435, 439-440 (D. Del. 2014) (quoting *Akamai Techs. Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012)). It is the "initial pleadings" and not the "infringement contentions" that "determine the scope of" a litigant's claim, and therefore the pleadings themselves must state the basis for a claim of patent infringement. *Lodsys Group, LLC v. Brother Int'l Corp.*, 2013 U.S. Dist. LEXIS 136315 at *22-23 (E.D. Tex. September 24, 2013).

Finally, where the plaintiff has failed to conduct a diligent investigation of publicly available documentation before filing suit, the accused infringer is entitled to attorneys' fees under 35 U.S.C. § 285. *See Vehicle Operation Techs. LLC v. Am. Honda Motor Co.*, 67 F. Supp. 3d 637, 642-43 (D. Del. 2014) (granting dismissal with prejudice under where the plaintiff had failed to investigate "publicly available owner's manual[s]" that indisputably confirmed non-infringement of claims requiring a "dedicated display"); *Vehicle Operation Techs. LLC v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 85509 at *7-10 (D. Del. July 1, 2015) (declaring case "exceptional" and awarding attorneys' fees for the same behavior).

## III. ARGUMENT

mCom's Complaint fails to allege, even in conclusory fashion, that any *single* product offered by NCR performs every limitation of claims 1 and 13 (the "Asserted Claims") of the '508

3

patent. Instead, mCom's allegations of infringement consist of a claim chart that hashes together screenshots from web pages relating to *three* entirely *separate* NCR products, none of which is individually mapped to every limitation of either asserted claim. Confirming lack of infringement basis, mCom's later served preliminary infringement contentions have now jettisoned those products entirely from the case. Thus, NCR is entitled to dismissal of mCom's complaint, which no longer identifies the products that mCom alleges are actually at issue in this case. Furthermore, because mCom failed to conduct even a cursory investigation of NCR's publicly available documentation before filing suit, thereby burdening NCR with the costs of a fruitless investigation into products that mCom now concedes do not infringe, NCR is entitled to its attorneys' fees under 35 U.S.C. § 285. *Vehicle Operation Techs.*, 67 F. Supp. 3d 637, 642-43 (D. Del. 2014); *Vehicle Operation Techs.*, 2015 U.S. Dist. LEXIS 85509 at *7-10 (D. Del. July 1, 2015).

### A. mCom's Complaint Must be Dismissed Because It Accuses Products that mCom Concedes are No Longer at Issue in this Case

To survive a motion to dismiss, a complaint for patent infringement must allege that "certain named and specifically identified products or product components…do what the patent does." *Bender*, 2010 U.S. Dist. LEXIS 33075 at *19-20. Here, mCom's complaint fails to allege that *any* NCR product does "what the patent does." Instead, the allegations of infringement in mCom's Complaint consist of a claim chart that hashes together screenshots from web pages relating to *three* entirely *separate* NCR products, none of which is individually mapped to every limitation of either asserted claim: 1) "NCR Connections," "NCR Connected Payments," and "Aptra Vision." Compl. at 3-5. And, now, mCom has conceded that the infringement allegations in the Complaint do not have merit.

To illustrate, NCR Connected Payments is a point-of-sale payment gateway used by merchants to route credit card transactions to their payment processor. *See, e.g.*,

4

https://www.ncr.com/content/dam/ncrcom/content-type/brochures/310518_Portfolio-Marketing_RET_Connected-Payments-for-Retail_bro_web.pdf ("A secure payment route, Connected Payments helps to ensure complete data and transmission protection, from PIN pad to payment processor."). By contrast, Aptra Vision is an enterprise software service used by banks to monitor and maintain their ATM fleets, *e.g.*, by detecting malfunctions and predicting which ATMs will need cash refills. *See, e.g.*, https://www.ncr.com/content/dam/ncrcom/content-type/brochures/14FIN2106_APTRA_vision-buyers-guide_br.pdf ("APTRA Vision will give you up to 3% increased **ATM or device availability**, through faster **fault awareness and diagnosis**. Maintain amazing consumer experience by maximizing your device availability with custom thresholds and alerts, such as **low cash balances** or number of expected transactions."). Finally, NCR Connections is an enterprise software service that implements the GUI on ATMs that front-end users (*i.e.*, banking clients) interact with, *e.g.*, to check their account balances and withdraw cash. No module of NCR Connected Payments interacts with NCR Connections, and no module of NCR Connections interacts with Aptra Vision. *See, e.g.*, https://www.ncr.com/content/dam/ncrcom/content-type/brochures/14FIN2133_NCR-Connections-Solutions-Guide.pdf. They are separate systems serving entirely different functions. A cursory review of publicly available information would have apprised mCom of these differences, indicating that there is no plausible basis to assert infringement.

NCR sent a letter to mCom describing the deficiencies of its Complaint and requesting dismissal. *See* Exhibit A. mCom failed to respond. As noted, mCom instead served on NCR preliminary infringement contentions, removing entirely the NCR products it had accused in its Complaint and accusing entirely *new* ones. *Compare* Compl. at 3-5 *with* Exhibit B at 6 (accusing NCR subsidiary D3 Technology's "Hybrid Mobile App"). However, because it is the "initial

pleadings" and not the "infringement contentions" that "determine the scope of" a litigant's claim, the deficiencies of mCom's Complaint cannot be remedied by its later-served infringement contentions. *Lodsys Group, LLC v. Brother Int'l Corp.*, 2013 U.S. Dist. LEXIS 136315 at *22-23 (E.D. Tex. September 24, 2013). Since mCom's Complaint fails to allege that *any* NCR product individually infringes the claims of the '508 patent, it must be dismissed. *Bender*, 2010 U.S. Dist. LEXIS 33075 at *19-20.

### B. mCom's Failure to Conduct a Diligent Pre-Suit Investigation Warrants Dismissal with Prejudice and an Award of Attorneys' Fees to NCR

mCom filed suit against NCR without conducting even a cursory review of NCR's publicly available documentation, which would have apprised it of the fact that the *singular* "Multi-Channel Solution" it accused in its Complaint was in fact *three* entirely *separate* products having no interoperability with one another. *See, supra,* I.A. Had mCom done so, NCR would not have been burdened with the costs of a fruitless investigation, including hours of interviews with the relevant subject matter experts into products that mCom now concedes do not infringe. mCom's blatant failure to be diligent before it filed suit warrants an award of attorneys' fees to NCR for the legal costs it has had to bear in investigating the allegations set forth in the Complaint. *See Honda Motor Co.*, 67 F. Supp. 3d 637, 642-43 (D. Del. 2014) (granting dismissal with prejudice where the plaintiff had failed to investigate "publicly available owner's manual[s]" that indisputably confirmed non-infringement of claims requiring a "dedicated display"); *Ford Motor Co.*, 2015 U.S. Dist. LEXIS 85509 at *7-10 (D. Del. July 1, 2015) (declaring case "exceptional" and awarding attorneys' fees for the same behavior).

### IV. CONCLUSION

Based on the foregoing, NCR requests that this Court dismiss mCom's Complaint with prejudice, and award attorneys' fees to NCR for the legal costs it has incurred to date.

Dated: July 16, 2021                                    Respectfully submitted,

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills
Steven M. Zager
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2000
Fax: (512) 457-2100
Email: jmills@kslaw.com
szager@kslaw.com

Stephen E. Baskin
Dara M. Kurlancheek
**KING & SPALDING LLP**
1700 Pennsylvania Ave, NW, Ste. 200
Washington, D.C. 20006-4707
Telephone: (202) 737-0500
sbaskin@kslaw.com
dkurlancheek@kslaw.com

Rahul Sarkar
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100
rsarkar@kslaw.com

*Attorneys for Defendant*
*NCR Corporation*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of July 16, 2021 with a copy of the foregoing via ECF.

*/s/ Jeffrey D. Mills*
Jeffrey D. Mills
