# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MCOM IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NCR CORPORATION, <br><br> Defendant. | CIVIL ACTION NO. 6:21-CV-00325 <br><br> JURY TRIAL DEMANDED |

## DEFENDANT NCR CORPORATION'S
## MOTION TO DISMISS PLAINTIFF MCOM IP'S AMENDED
## COMPLAINT

Defendant NCR Corporation ("Defendant" or "NCR") hereby submits its Motion to Dismiss mCom IP LLC's Amended Complaint ("Motion") under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) ("Rule 12(b)(6)") as untimely under Federal Rule of Civil Procedure ("FRCP") 15(a)(1)(b) ("Rule 15(a)(1)(b)").

## I.  INTRODUCTION

mCom's Amended Complaint must be dismissed because it was filed almost two months late, without leave of this court, and without any explanation for its delay. Had mCom wished to amend its original complaint, it needed to do so **21 days** after NCR filed its Answer on June 7, 2021. FRCP 15(a)(1)(B). It did so, instead, on July 29, 2021, **52 days** after the submission of NCR's Answer. Because mCom has not, and indeed cannot, excuse its inordinate delay, the operative complaint in this case remains mCom's Original Complaint, and no relief can be granted upon the claims set forth in its Amended Complaint. NCR is therefore entitled to the dismissal of

mCom's Amended Complaint[1].

## II. ARGUMENT

mCom's Amended Complaint, filed **52 days** after NCR's Answer, expressly violates FRCP Rule 15 (a). FRCP Rule 15(a) requires that such amendments be filed "within 21 days after service of a responsive pleading." FRCP 15(a)(1)(B); *see Mcvea v. Bexar County*, 2011 U.S. Dist. LEXIS 97048 at *2-3 (E.D. Tex. August 30, 2011) ("The amendment was untimely as to the Hospital because the Hospital answered the original complaint on April 14, 2011, and the amended complaint was filed more than 21 days later."). Otherwise, FRCP 15(a) requires mCom to seek leave of Court to file an amended complaint. FRCP 15(a)(2). At this stage of the litigation, mCom may amend its Complaint "only" with "the court's leave" or with NCR's written consent. Because it has requested neither, and has not even attempted to excuse its delay, the operative Complaint in this case remains mCom's original Complaint, and no relief can be granted upon the claims set forth in mCom's Amended Complaint. mCom's Amended Complaint must, therefore, be dismissed.

## III. CONCLUSION

Based on the foregoing, NCR requests that this Court dismiss mCom's untimely filed Amended Complaint.

Dated: August 12, 2021

Respectfully submitted,

/s/ *Jeffrey D. Mills*
Jeffrey D. Mills
Steven M. Zager
**KING & SPALDING LLP**
500 W. 2nd Street, Suite 1800
Austin, TX 78701
Tel: (512) 457-2000

---

[1] NCR's Motion for Judgment on the Pleadings against mCom's original Complaint is pending before this court. Dkt. 17.

Fax: (512) 457-2100
Email: jmills@kslaw.com
szager@kslaw.com

Stephen E. Baskin
Dara M. Kurlancheek
**KING & SPALDING LLP**
1700 Pennsylvania Ave, NW, Ste. 200
Washington, D.C. 20006-4707
Telephone: (202) 737-0500
sbaskin@kslaw.com
dkurlancheek@kslaw.com

Rahul Sarkar
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: (212) 556-2100
rsarkar@kslaw.com

*Attorneys for Defendant*
*NCR Corporation*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this 12th day of August, 2021 with a copy of the foregoing via ECF.

*/s/ Jeffery D. Mills*
Jeffrey D. Mills